

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARELIUS ROBORETELLO SMILEY, | )<br>)<br>) |
| Petitioner, | ) Case No. 7:09CV00345<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| LYNCHBURG ADULT DETENTION CENTER, COMMONWEALTH OF VIRGINIA, | ) By: Glen E. Conrad<br>) United States District Judge<br>) |
| Respondents. | |

Petitioner Arelius Roboretello Smiley, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Smiley challenges the validity of his confinement pursuant to the April 2009 judgment of the Circuit Court for the City of Lynchburg under which he stands convicted of three counts of distribution of cocaine and one count of possession of cocaine with the intent to distribute. He is currently serving the five-year prison term imposed for these convictions. Upon review of the record, the court finds that the petition must be dismissed without prejudice,[1] because petitioner has not exhausted state court remedies.

## BACKGROUND

In his petition, Smiley asserts that police did not have probable cause to stop the car in which he was riding on October 18, 2008. After the stop, Smiley was arrested on some

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that the court must dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . . ."

outstanding criminal warrants. Then, police took him back to his parents' house, where other officers were already executing a search warrant. They seized guns and drugs from the residence. Some of Smiley's charges involved drugs seized from the house during that search. Smiley allegedly asked his attorney to file a motion to suppress the seized evidence. The attorney, however, advised Smiley to accept a plea bargain that resulted in fewer charges being brought against him.

On the face of his § 2254 petition, Smiley states that he pleaded guilty, that he did not appeal, and that he has never filed a petition in any court concerning these convictions.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies as to an ineffective assistance claim in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

Case 7:09-cv-00345-GEC-mfu Document 2 Filed 08/14/09 Page 2 of 3 Pageid#: 24

In this case, it is undisputed that Smiley's present claims have not been adjudicated by the Supreme Court of Virginia. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Smiley's petition must be dismissed without prejudice.[2]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of August, 2009.

_____
United States District Judge

---

[2] The petitioner may refile his federal <u>habeas</u> petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal <u>habeas</u> petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).